IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                                          )<br>                    Petitioner,            )<br>                                                          )<br>            v.                                         )<br>                                                          )<br>AARON B. JOHNSON AND TANYA JOHNSON, )<br>                                                          )<br>                    Respondents.        ) | Civil No. 06-CV-2635-IEG (AJB)<br><br>ORDER ENFORCING INTERNAL<br>REVENUE SERVICE SUMMONSES |

    The government has petitioned the Court for an order enforcing two Internal Revenue Service summonses issued to Respondent Aaron B. Johnson and two Internal Revenue Service summonses issued to Respondent Tanya Johnson. On December 6, 2006, the Court issued an order to show cause why the IRS summonses should not be judicially enforced. On December 13, 2006, the IRS served a copy of the order to show cause upon Respondents. Respondents have filed no written response.

    A hearing was held on the government's petition on January 22, 2007. Jeremy N. Hendon, Trial Attorney, U.S. Department of Justice, appeared on behalf of the government along with IRS Revenue Officer Erin Kelly. Respondents Aaron B. Johnson and Tanya Johnson appeared *pro se*. For the reasons explained herein, the government's petition to enforce the summonses is GRANTED.

**BACKGROUND**

On May 1, 2006, Erin Kelly[1]/ , a Revenue Officer employed by the Internal Revenue Service, issued two IRS administrative summonses to Aaron B. Johnson. [Declaration of Revenue Officer Erin Kelly ("Kelly Decl."), ¶ 4, Exhibits A-B.] On May 1, 2006, Revenue Officer Kelly also issued two IRS administrative summonses to Tanya Johnson. [Id., ¶ 7, Exhibits F-G.] The IRS is conducting an investigation to determine Aaron B. Johnson's ability to pay the income tax liabilities assessed against him for the tax years ending December 31, 2003, and December 31, 2004, and the trust fund recovery penalties, pursuant to 26 U.S.C. § 6672, assessed against him for the taxable periods ending December 31, 1997, March 31, 2000, June 30, 2000, December 31, 2000, March 31, 2001, June 30, 2001, September 30, 2001, March 31, 2002, June 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, and December 31, 2003. [Id., ¶ 4.] The IRS also is conducting an investigation to determine whether Aaron B. Johnson and Tanya Johnson are liable for trust fund recovery penalties with respect to SD City Event, Inc., pursuant to 26 U.S.C. § 6672, for the taxable periods ending March 31, 2003, June 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, and December 31, 2005. [Id.] One of each of the summonses issued to Aaron B. Johnson and Tanya Johnson was issued to determine Aaron B. Johnson's ability to pay the income tax liabilities assessed against him for the tax years ending December 31, 2003, and December 31, 2004, and the trust fund recovery penalties, pursuant to 26 U.S.C. § 6672, assessed against him for the taxable periods ending December 31, 1997, March 31, 2000, June 30, 2000, December 31, 2000, March 31, 2001, June 30, 2001, September 30, 2001, March 31, 2002, June 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, and December 31, 2003 ("AJ Collection Summons" and "TJ Collection Summons"). [Id., ¶¶ 4, 7 and Exhibits A and G] The other summonses issued to Aaron B. Johnson and Tanya Johnson

---

[1]/ Erin Kelly is a an authorized pseudonym.

were issued to determine whether Aaron B. Johnson and Tanya Johnson are liable for trust fund recovery penalties with respect to SD City Event, Inc., pursuant to 26 U.S.C. § 6672, for the taxable periods ending March 31, 2003, June 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, and December 31, 2005 ("AJ TFRP Summons" and "TJ TFRP Summons"). [Id., ¶¶ 4, 7 and Exhibits B and F.]  Both summonses issued to Aaron B. Johnson directed him to appear and give testimony and produce for examination the books, records, papers, and other data described in the summonses and their attachments. [Id., ¶ 5.] The IRS served an attested copy of both of the summonses upon Mr. Johnson on May 3, 2006 by leaving it at his last usual place of abode. [Id., ¶ 6.]  Both summonses issued to Tanya Johnson required her to appear and give testimony and produce for examination the books, records, papers, and other data described in the summonses and their attachments. [Id., ¶ 8.] The IRS personally served an attested copy of both of the summonses upon Mrs. Johnson on May 2, 2006 by handing copies to her. [Id., ¶ 9.]

   The AJ TFRP Summons directed Aaron B. Johnson to appear before the IRS on May 16, 2006 and the AJ Collection Summons directed Aaron B. Johnson to appear before the IRS on May 24, 2006. [Id., ¶ 5.]  The TJ TFRP Summons directed Tanya Johnson to appear before the IRS on May 17, 2006 and the AJ Collection Summons directed Aaron B. Johnson to appear before the IRS on May 24, 2006. [Id., ¶ 8.] Neither Mr. nor Mrs. Johnson appeared before the IRS on the dates set forth in the summonses. [Id., ¶¶ 10-12.] By letter dated May 24, 2006, but not received by the IRS until May 25, 2006, Respondents requested an extension of time to comply with the summonses. [Id., ¶ 13] By letters dated June 9, 2006, the IRS granted Respondents' request for an extension and directed Aaron B. Johnson to appear before the IRS on June 26, 2006, and directed Tanya Johnson to appear before the IRS on June 21, 2006. [Id., ¶ 14] On June 21, 2006, Tanya Johnson appeared before the IRS and gave testimony with respect to both summonses issued to her but failed to produce all of the documents, records, and other information described in the summonses issued to her. [Id., ¶ 15.]  On June 26, 2006, Aaron B.

1  Johnson appeared before the IRS and gave testimony with respect to both summons but failed to
2  produce all of the documents, records, and other information described in the summonses issued
3  to him. [Id., ¶ 16]  With the exception of the documents listed in paragraph 17 of the Kelly Decl.,
4  the books, records, papers, and other data sought by the summonses are not already in the
5  possession of the IRS. [Id., ¶ 17.]

6  On November 30, 2006, the government petitioned the Court to enforce the summonses.
7  On December 6, 2006, the Court set a hearing date for this matter and ordered Mr. and Mrs.
8  Johnson to show cause why they should not be compelled to comply with the IRS summonses.
9  The government served the order to show cause upon Mr. and Mrs. Johnson on December 13,
10 2006, and filed a proof of service with the Court.  Respondents have not filed any written
11 opposition to the government's petition but appeared at the January 22, 2007 order to show cause
12 hearing and made several arguments as to the existence of certain documents.  Respondents,
13 however, did not challenge the enforceability of the summonses.

## DISCUSSION

15 Pursuant to 26 U.S.C. § 7602(a)(1), the Secretary of the Treasury may "examine any
16 books, papers, records, or other data which may be relevant or material" in connection with
17 "ascertaining the correctness of any return, making a return where none has been made,
18 determining the liability of any person for any internal revenue . . . or collecting any such
19 liability."  Section 7602(a) authorizes the Secretary to issues summonses to compel persons in
20 possession of such books, papers, records, or other data to appear and produce the same and/or
21 give testimony.

22 In  order to obtain judicial enforcement of an IRS summons, the United States "must first
23 establish its 'good faith' by showing that the summons: (1) is issued for a legitimate purpose; (2)
24 seeks information relevant to that purpose; (3) seeks information that is not already within the
25 IRS' possession; and (4) satisfies all administrative steps required by the United States Code."
26 Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995) (citing United States v. Powell, 379
27 U.S. 48, 57-58, (1964)).  "The government's burden 'is a slight one' and typically is satisfied by

1 the introduction of the sworn declaration of the revenue agent who issued the summons that the
2 <u>Powell</u> requirements have been met." <u>Id.</u> at 120.  Once the government has made a prima facie
3 showing that enforcement of the summons is appropriate, the burden shifts to the respondent to
4 show that enforcement of the summons would be an abuse of the court's process." <u>Powell</u>, 379
5 U.S. at 58.  The Supreme Court has characterized respondent's burden as a heavy one.  <u>Id.</u>

6       The government's petition and Revenue Officer Kelly's supporting declaration satisfies
7 all four elements of the <u>Powell</u> standard.  First, the IRS is conducting an investigation to
8 determine Aaron B. Johnson's ability to pay the income tax liabilities assessed against him for
9 the tax years ending December 31, 2003, and December 31, 2004, and the trust fund recovery
10 penalties, pursuant to 26 U.S.C. § 6672, assessed against him for the taxable periods ending
11 December 31, 1997, March 31, 2000, June 30, 2000, December 31, 2000, March 31, 2001, June
12 30, 2001, September 30, 2001, March 31, 2002, June 30, 2002, December 31, 2002, March 31,
13 2003, June 30, 2003, September 30, 2003, and December 31, 2003. [Kelly Decl., ¶ 4.]  The IRS
14 also is conducting an investigation to determine whether Aaron B. Johnson and Tanya Johnson
15 are liable for trust fund recovery penalties with respect to SD City Event, Inc., pursuant to 26
16 U.S.C. § 6672, for the taxable periods ending March 31, 2003, June 30, 2003, September 30,
17 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31,
18 2004, March 31, 2005, June 30, 2005, September 30, 2005, and December 31, 2005. [<u>Id.</u>]  These
19 purposes are expressly authorized by 26 U.S.C. § 7602(a) and thus the summonses were issued
20 for a legitimate purpose.

21      Second, Revenue Officer Kelly has declared in her declaration that the information
22 requested by the summonses may be relevant to determine Aaron B. Johnson's ability to pay the
23 income tax liabilities for the tax years ending December 31, 2003, and December 31, 2004, and
24 the trust fund recovery penalties, pursuant to 26 U.S.C. § 6672, assessed against him for the
25 taxable periods ending December 31, 1997, March 31, 2000, June 30, 2000, December 31, 2000,
26 March 31, 2001, June 30, 2001, September 30, 2001, March 31, 2002, June 30, 2002, December
27 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, and December 31, 2003 [<u>id.</u>, ¶¶

-5-

18-19] as well as to determine whether Aaron B. Johnson and Tanya Johnson are liable for trust fund recovery penalties with respect to SD City Event, Inc., pursuant to 26 U.S.C. § 6672, for the taxable periods ending March 31, 2003, June 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, and December 31, 2005. [Id.]

Third, with the exception of the documents listed in paragraph 17 of Revenue Officer Kelly's declaration, the IRS does not already possess the papers, records, and other data sought by the summonses issued to the Respondents. [Id., ¶ 17.] At the January 22, 2007 order to show cause hearing, Respondents admitted the existence of various documents requested in the summonses.

Fourth, there is no Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), in effect with respect to determining Aaron B. Johnson's ability to pay the income tax liabilities assessed against him for the tax years ending December 31, 2003, and December 31, 2004, and the trust fund recovery penalties, pursuant to 26 U.S.C. § 6672, assessed against him for the taxable periods ending December 31, 1997, March 31, 2000, June 30, 2000, December 31, 2000, March 31, 2001, June 30, 2001, September 30, 2001, March 31, 2002, June 30, 2002, December 31, 2002, March 31, 2003, June 30, 2003, September 30, 2003, and December 31, 2003 or with respect to determining whether Aaron B. Johnson and Tanya Johnson are liable for trust fund recovery penalties with respect to SD City Event, Inc., pursuant to 26 U.S.C. § 6672, for the taxable periods ending March 31, 2003, June 30, 2003, September 30, 2003, December 31, 2003, March 31, 2004, June 30, 2004, September 30, 2004, December 31, 2004, March 31, 2005, June 30, 2005, September 30, 2005, and December 31, 2005. [Id., ¶¶ 20-21.]

Finally, the IRS has followed and exhausted all required administrative steps, but Mr. and Mrs. Johnson have not complied with the summonses. [Id., 22.] Thus, the government has made a *prima facie* showing that it is entitled to judicial enforcement of the summonses.

Respondents are therefore ordered to produce the following documents, requested in the AJ Collection Summons and TJ Collection Summons, to IRS Revenue Officer Erin Kelly at the

Offices of the Internal Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, no later than **Monday, February 5, 2007 at 9:00 a.m.**:

(1) Respondents' federal income tax returns for tax years 2003-05;

(2) With respect to any bank or investment account of any kind in the name of Aaron B. Johnson, Tanya Johnson, or any company which Aaron B. Johnson and/or Tanya Johnson owned, operated, or controlled between January 1, 2003 and April 15, 2006, Respondents must produce a list including the following information for each such account:

    (a) Name and location of the bank where each such account was held;

    (b) Account number;

    (c) The specific name of the holder of each such account; and

    (d) The period when each such account was utilized and in existence;

(3) All documents evidencing any income earned by Respondents between January 1, 2003 and April 15, 2006, including, but not limited to, Forms W-2s or commissions reports;

(4) All documents evidencing all of Respondents' living expenses including, but not limited to, housing and utilities expenses, between January 1, 2003 and April 15, 2006;

(5) A copy of any judgment or child support order entered against Respondents;

(6) With respect to the residence where Respondents currently reside and which Respondents state is owned by Tanya Johnson's parents, Respondents must produce the following documents:

    (a) Grant deed;

    (b) Deed of trust; and

    (c) Loan documents identifying the owner and the individual(s) who are paying any such loans; and

(7) A fully completed IRS Form 433, Collection Information Statement, attaching all documents requested therein which are in Respondents' possession or control.

Respondents are also ordered to produce the following documents, requested in the AJ TFRP Summons and TJ TFRP Summons and which are in their possession and/or which they must request and obtain from Gary Akers, the bankruptcy trustee assigned to the corporation's bankruptcy case, to IRS Revenue Officer Erin Kelly at the Offices of the Internal Revenue Service located at 880 Front Street, Suite 3295, San Diego, California, no later than **Monday, February 5, 2007 at 9:00 a.m.**:

(1) The complete Articles of Incorporation including any changes or amendments regarding SD City Event, Inc. (or any other names used with respect to that business); and

(2) All corporate minutes from inception of SD City Event, Inc. through April 30, 2006.

## CONCLUSION

For the reasons set forth herein, the government's petition to enforce the IRS summonses is GRANTED. Respondents are ordered to produce the documents described above to the address and by the date detailed above. The United States shall serve a copy of this Order upon Mr. and Mrs. Johnson in accordance with Fed. R. Civ. P. 5, within 7 days of the date that this Order is served upon counsel for the United States, or as soon thereafter as possible. Proof of such service shall be filed with the Clerk of Court as soon as practicable.

<u>Respondents are hereby notified that failure to comply with this Order may subject them to sanctions for contempt of court.</u>

**IT IS SO ORDERED.**

DATED: January 23, 2007

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**